## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TSANG BROTHERS CORPORATION, | CIVIL CASE NO.: CV1218-17 |
| PLAINTIFF, | |
| vs. | DECISION AND ORDER |
| MAN LING AU, PING CHUNG TSANG, LAI HING AU AND FIRST COMMERCIAL BANK, | (Defendants' Motion for Summary Judgment or in the Alternative to Dismiss) |
| DEFENDANTS. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 15, 2018 pursuant to Man Ling Au's and Ping Chung Tsang's Motion for Summary Judgment or in the Alternative to Dismiss. Attorney Curtis C. Van de veld appeared on behalf of Man Ling Au and Ping Chung Tsang. Attorney William L. Gavras appeared on behalf Lai Hing Au. Attorney Geri E. Diaz appeared on behalf of Tsang Brothers Corporation ("TBC" or "Plaintiff"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court hereby **DENIES** Man Ling Au's and Ping Chung Tsang's Motion for Summary Judgment or in the Alternative to Dismiss.

///

**ORIGINAL**

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                      Page 1 of 10
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

Ping Chung Tsang and Man Ling Au filed the instant Motion for Summary Judgment, or in the alternative, Motion to Dismiss Complaint and its Counts 1 and 2 pursuant to Rule 12(b)(6) of the GRCP on December 20, 2017. Defendant Au Lai Hing filed a joinder in the Motion on December 21, 2017. TBC filed an Opposition to the Motion for Summary Judgment or in the alternative, to Dismiss on January 17, 2018. The Court held a hearing and took the Motion under advisement on February 15, 2018.

## BACKGROUND

Tsang Brothers Corporation ("TBC") is a corporation authorized to do business on Guam. Verified Compl. at ¶ 1 (Dec. 1, 2017). Wing On Tsang (aka "Norman Tsang"), is the President of TBC. Id. at ¶ 2. Defendant Ping Chung Tsang ("Larry") is married to Defendant Lai Hing Au ("Christina"). Id. at ¶ 3. Larry and Christina are residents of Guam, and Larry is a shareholder of TBC. Id. at ¶¶ 4, 5. Man Ling Au is Christina's sister. Id. at ¶ 6. Larry was previously the General Manager of Operations for TBC until February 17, 2014, when he was terminated for misconduct. Id. at 8. Christina was previously the Office Manager for TBC, and handled the company's finances, until her termination on February 17, 2014. Id. at ¶ 9.

On October 13, 2017, Norman Tsang was notified by First Commercial Bank that on October 12, 2017, Man Ling Au wrongfully revoked a power of attorney which allowed TBC to use funds in three Time Certificate of Deposit ("TCDs") Accounts[1] to secure a line of credit for TBC. Id. at ¶¶ 14, 18-19. TBC then brought the Verified Complaint for Conversion against Man Ling Au, and for Participation in and/or Aiding and Abetting against Larry Tsang and Christina Au. Id. at ¶¶ 20-26, 27-30. The Verified Complaint seeks damages and equitable relief against Larry, Christina and Man Ling Au. TBC alleges the funds in the three accounts belong to TBC. Id. at ¶ 21.

### Declaration of Ping Chung Tsang (*aka* "Larry Tsang")

In the Motion for Summary Judgment or in the Alternative to Dismiss under Rule 12(b)(6) of the GRCP, Defendants Larry and Man Ling Au rely on the Declaration filed on December 11,

---

[1] The Time Certificates of Deposit are listed under the following Account Numbers: 9011TD300001, 9011TD300002, and 9011TD300003.

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                      Page 2 of 10
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

2017 in support of Larry and Man Ling Au's Opposition to TBC's Application for a Preliminary Injunction. Relative to this Motion, Larry alleges that his sister-in-law Man Ling Au, executed a power of attorney in 2001 which allowed "Tsang Ping Chung, Tam Kam Veng, and Tsang Wing On" to transact business upon her accounts at First Commercial Bank. Decl. Ping Chung Tsang Supp. Opp'n Mot. Restraining Orders at ¶ 1 (Dec. 11, 2017). Larry further argues that because Kevin and Norman signed the Power of Attorney, since at least July of 2001, they were aware that the funds in the First Commercial Bank accounts were owned by Man Ling Au. Id.

**Affidavit of Wing On Tsang (_aka_ "Norman Tsang")**

According to Norman, the Shareholders of TBC are: Norman Tsang (20,000 shares), Larry Tsang (20,000 shares), Kam Beng Tam ("Kevin") (20,000 shares), and Wing Chi Tsang (35,000 shares). Wing on Tsang Aff. Supp. Opp'n Defs' Mot. Summ. J. or Dismiss ¶ 2 (Jan. 17, 2018). Norman alleges that Larry and Christina handled TBC's affairs from 1988 until their termination in February of 2014. Id. at ¶¶ 2-4. Larry was also the President until 2012, when Norman was elected to the position. Id. at ¶ 5. Norman alleges that in 2014, he asked for certain financial information related to TBC for the period Larry and Christina managed TBC, but he never received such information. Id. at ¶ 6. Norman claims that when he discovered that Man Ling Au had large amounts of money in bank accounts on Guam at the First Commercial Bank, he inquired with Larry about the funds. Id. at ¶¶ 7-8. In response, Larry then allegedly provided a handwritten document that listed bank accounts in Man Ling Au's name which held funds that belonged to TBC. Id. at ¶ 9. Christina also allegedly produced a typewritten document from September 29, 2009 which showed TBC's various accounts in Guam and Hong Kong. Id. at ¶ 10. Christina's document allegedly included several accounts under Man Ling Au's name. Id.

Norman alleges that on July 10, 2010, he, Kevin, and Larry held a meeting to discuss TBC's operations and the TCD issues. Id. at ¶ 11. Norman alleges that he asked Larry to provide the full details of TBC's funds held in Man Ling Au's name. Id. Larry allegedly suggested that TBC change the names the TCDs were deposited under from Man Ling Au's name to the shareholders' names because the money belonged to TBC. Id. However, because Man Ling Au

CV1218-17 Tsang Bros. Corp. v. Man Ling Au _et al_                                                    Page **3** of **10**
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

had to be present in Guam to complete the change, the name on the TCDs was never changed. Id. at ¶ 12. Norman alleges that since TBC was still able to use the TCDs to secure TBC's loans and lines of credit without any issues, they "kept the status quo." Id.

When certain TCDs matured in 2012, Norman, Kevin, and Larry allegedly agreed to disburse the proceeds to the shareholders, which amounted to a one-fourth (1/4) share of Thirty Thousand Dollars for each shareholder. Id. at ¶ 16. Another two sets of TCDs matured on January 2, 2013, and January 30, 2013. Id. at ¶ 17. Wing Chi, Kevin, Larry, and Norman agreed that each would receive Eighty Thousand Dollars ($80,000.00) from the first set.

As to the second set, the Shareholders agreed that each was to receive a one-fourth (1/4) share of One Million Dollars ($1,000,000.00). Id. at ¶ 19. To ensure the funds continued to benefit TBC, Wing Chi, Kevin, and Norman allegedly decided to keep their one-fourth (1/4) shares of the One Million Dollars ($1,000,000.00) in First Commercial Bank to secure loans and lines of credit for TBC's operations. Id. at 19. They deposited their one-fourth (1/4) portions into the three TCD accounts at issue. Id.; supra note 1. Norman alleges he received statements addressed to Man Ling Au, however he wrote a shareholder's name on top of individual statements for each account. Id. at ¶ 20. Norman alleges that his share is the Two Hundred Fifty Thousand Dollars ($250,000.00) in TCD No. 9011TD300002, Kevin's share is the Two Hundred Fifty-Two Thousand Dollars ($252,000.00) in TCD No. 9011TD300002, and Wing Chi's share is the Two Hundred Fifty Thousand Dollars ($250,000.00) in TCD No. 9011TD300003. Id. at ¶ 20.

**Affidavit of Kam Veng Tam (*aka* "Kevin Tam")**

TBC also provided an affidavit of Kevin Tam in Support of their Opposition to the Motion for Summary Judgment or in the Alternative to Dismiss. Kevin has been a Director of TBC for several years. Kam Veng Tam Aff. Supp. Opp'n Defs' Mot. Summ. J. or Dismiss ¶ 3 (Jan. 17, 2018). Kevin makes similar allegations as those raised by Norman in his affidavit. Kevin alleges that Larry told him the funds in the Time Certificates of Deposit held in Man Ling Au's name belonged to TBC. Id. at ¶¶ 9-10. Finally, Kevin alleges that while some funds in First Commercial Bank belong to him, the funds are only in the bank because Kevin, Wing Chi, and Norman all kept

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                              Page **4** of **10**
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

the money in First Commercial Bank to secure TBC's loans and lines of credit for TBC. Id. at ¶ 14. Kevin alleges that Man Ling Au revoked the power of attorney for the three TCDs on October 12, 2017. Id. at ¶ 8.

## DISCUSSION

In support of the Motion for Summary Judgment, Larry and Man Ling Au argue that "the undisputed facts presented at the time of the motion for restraining order that the plaintiff and its officers alleged that they did not authorize the transfer of assets to Defendant Ling, but have been aware of such transfer since July 2001 and no action to recover the property has since occurred." Defs' Mot. Summ. J. or Dismiss 3 (Dec. 20, 2017). Larry and Man Ling Au further argue that "there is simply, no evidence of a constructive trust arrangement between Plaintiff and Defendant Ling." Id. Larry and Man Ling Au's final argument is that even if the allegations in the Verified Complaint are true, "the action for recovery would have arisen at the time of such knowledge of such theft, that being not later than July 2001 and the time for commencing an action will have lapsed in July 2004." Id.

In Opposition, TBC posits that the Motion for Summary Judgment should be denied because "the ownership of the TCD accounts is a material fact that is in dispute." Pl's Opp'n Mot. Summ. J. or Dismis 7 (Jan. 17, 2018). TBC argues that the date of the alleged conversion is also a material fact that is in dispute. See id. at 8.

The Guam Rules of Civil Procedure (GRCP) provide that summary judgment is appropriate "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c). A genuine dispute "occurs where there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact finder." Hawaiian Rock Products Corp. v. Ocean Housing, Inc., 2016 Guam 4 ¶ 26. The dispute must be to a material fact, that is, a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Bank of Guam v. Flores, 2004 Guam 25 ¶ 8.

When analyzing a summary judgment motion, the Court "must view the evidence and draw inferences in the light most favorable to the non-movant." Helmani v. Hemlani, 2015 Guam 16 ¶ 13. The movant bears the initial burden of showing that "undisputed facts in the record support a *prima facie* entitlement to the relief requested." Hawaiian Rocks Products Corp., 2016 Guam 4 at ¶ 27. If such a showing is made, "the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." Gayle v. Hemlani, 2000 Guam 25 ¶ 21 (citations omitted); see also, Guam R. Civ. P. 56(e).

### i. *Conversion Against Man Ling Au.*

Conversion is the "wrongful exercise of dominion over the property of another." Welco Electronics, Inc., v. Mora, 166 Cal.Rptr.3d 877, 881 (Cal. Ct. App. 2014). Conversion of money can occur "if the claim involves a specific, identifiable sum . . . ." Id. at 882 (citations omitted). In Guam, to sustain the cause of action of conversion, the plaintiff must prove: "(1) facts showing plaintiff's ownership or right to possession of property; (2) defendant's wrongful act toward, or disposition of, the property, interfering with plaintiff's possession; and (3) damage to plaintiff." Marianas Hospitality Corp. v. Premier Business Solutions, Inc., Civil No. 07-00002, 2009 WL 750247 at *10 (D. Guam Jan. 14, 2009). The Court finds that the Ping Chung Tsang and Man Ling Au have failed to meet the burden of showing there is no genuine dispute as to any material fact relative to each element of TBC's claim for conversion.

As to the first element, TBC provided affidavits of Norman and Kevin alleging that Christina and Larry both provided documentation, and further that Larry stated that the funds in the subject accounts of this litigation at First Commercial Bank belonged to TBC even though the funds were in Man Ling Au's name. In contrast, the Court finds the December 11, 2017 Declaration of Ping Chung Tsang fails to conclusively establish that Man Ling Au is the rightful owner of the funds in the TCDs at issue in this litigation. Because ownership of the funds is an element of conversion, the Court finds ownership of the funds is a material fact. The Court further finds that the ownership of the funds is disputed by the Parties. Therefore, Man Ling Au and Larry are not entitled to summary judgment on the first element of TBC's conversion claim.

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                    Page **6** of **10**
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

As to the second element, Larry and Man Ling Au have again failed to demonstrate they are entitled to judgment as a matter of law. If TBC succeeds in proving what Larry and Kevin claim by affidavit, that the funds in the TCDs belong to TBC, then Man Ling Au's revocation of the power of attorney on October 12, 2017 would be a wrongful possessory act over property she had no ownership interest in. The Court finds that a determination of facts underlying element one is necessary before this Court can weigh on the second element of conversion. Thus, the Court finds there is a genuine issue of whether Man Ling Au's revocation of the power of attorney was a wrongful possessory act which interfered with TBC's alleged ownership of the funds. The Court further finds that the revocation is a material fact relative to the second element of conversion, the requirement of a wrongful act that interferes with an possessory right. Because the Parties dispute ownership, the fact of whether Man Ling Au's revocation was wrongful is also disputed. Therefore, the Court concludes that Larry and Man Ling Au are not entitled to summary judgment on the second element of TBC's conversion claim.

Finally, as to the third element, if TBC can prove that Man Ling Au acted wrongfully and interfered with their alleged ownership of the funds in the accounts, then the issue of damages would necessarily follow from such conclusion. The Court finds that the lack of access to the funds since October 12, 2017 allegedly resulted in a loss of security for potential lines of credit and loans previously extended to TBC. Therefore, the Court again finds Larry and Man Ling Au are not entitled to summary judgment on the third element of TBC's conversion claim. The Court finds the genuine disputes of material fact related to elements one and two will necessarily affect this Court's finding of whether Man Ling Au's alleged wrongful action(s) caused TBC damages.

ii.    *Aiding and Abetting Tortious Conduct Against Ping Chung Tsang and Lai Hing Au.*

The Court again finds that Larry and Man Ling Au have failed to meet their burden of proving there is no genuine dispute of material fact as to TBC's claim that Larry and Christina aided and/or abetted in Man Ling Au's alleged conversion. The December 11, 2017 Ping Chung Tsang declaration, and Larry and Man Ling Au's Motion are devoid of any argument related to issues of material fact underlying the second cause of action in the Complaint. Thus, the Court

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                                                 Page **7** of **10**
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

finds that Larry and Man Ling Au are not entitled to summary judgment with respect to TBC's aiding and abetting claim. Insofar as Christina joins the Motion, for the reasons set out herein, the Court finds that Christina is not entitled to Summary Judgment on TBC's aiding and abetting claim.

### iii. *Constructive Trust*

Man Ling Au and Larry also argue that they are entitled to Summary Judgment because TBC has failed to provide evidence of a constructive trust agreement between Plaintiff and Defendant Ling. Defs' Mot. Summ. J. or Dismiss 3 (Dec. 20, 2017). The Court notes that Man Ling Au and Larry misunderstand the equitable remedy of constructive trust. A constructive trust is a "form of restitution." Guam Bar Ethics Committee v. Maquera, 2001 Guam 20 ¶ 32. The constructive trust is imposed by the Court "when a person holding title to property is subject to an equitable duty to convey it to another on the ground the he would be unjustly enriched if he were permitted to retain it." Id. at ¶ 30 (citing Restatement (First) of Restitution § 160 (1935)).

Guam law provides for the remedy of constructive trust. See 18 G.C.A. § 65110. The Guam statute uses the same language as Section 2224 of the California Civil Code, thus California case law regarding constructive trusts is persuasive to this Court's interpretation and application of Guam law regarding constructive trusts. See In re Moylan, 2011 Guam 16 ¶ 19. California Courts make clear that "an action to impose a constructive trust is a suit in equity to compel a person holding property wrongfully to transfer the property interest to the person to whom it rightfully belongs." Higgins v. Higgins, 217 Cal.Rptr.3d 691, 699-700 (Cal. Ct. App. 2017). A constructive trust may be "imposed in practically any case where there has been a wrongful acquisition or detention of property to which another is entitled . . . ." Optional Capital, Inc., v. Das Corp., 166 Cal.Rptr.3d 705, 715 (Cal. Ct. App. 2014). The requirements for a constructive trust are: "(1) the existence of a res (property or some interest in the property); the plaintiff's right to that res; and the defendant's acquisition of the res by some wrongful act." Calistoga Civic Club v. City of Calistoga, 191 Cal.Rptr. 571, 575-76 (Cal. Ct. App. 1983) (citations omitted).

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for Summary Judgment or in the Alternative to Dismiss)

Here, the Court finds Man Ling Au and Larry are mistaken in arguing that they are entitled to summary judgment because TBC has not put forward any evidence of a constructive trust arrangement between Man Ling Au and TBC. The constructive trust is a court-imposed remedy on property which only requires distribution of the property the Court finds is wrongfully held by the tortfeasor, or other party with wrongful possession, back to the rightful owner. The Court determines whether imposition of a constructive trust is appropriate as a remedy, the Parties are not required to plead the existence of a constructive trust agreement. Therefore, the Court finds that the constructive trust-related argument advanced by Defendants Man Ling Au and Larry does not entitle them to summary judgment.

*iv.* *Statute of Limitations*

Finally, Man Ling Au and Larry claim that TBC's claim is barred by 7 G.C.A. § 11305, which provides that an action for conversion must be brought within three (3) years. Man Ling Au and Larry argue that the "action for recovery would have arisen at the time of such knowledge of such theft, that being no later than July 2001 and the time for commencing the action will have lapsed in July 2004." Defs' Mot. Summ. J. or Dismiss 3 (Dec. 20, 2017).

The Court disagrees with Man Ling Au and Larry's position. Here, TBC pleads a theory of conversion, which requires a wrongful act which interferes with an owner's possessory right over property. The Court finds that the facts, as currently plead, demonstrate that TBC had access to the TCDs to secure lines of credit and loans from First Commercial Bank until October 12, 2017. Further, but for Man Ling Au's residence outside of Guam the funds would have been in TCDs under the TBC shareholders' names. Thus, under the Plaintiff's theory, Man Ling Au did not commit an alleged wrongful act which interfered with the TBC's possessory rights over the funds until she revoked the power of attorney on October 12, 2017. Because this action was commenced on December 1, 2017, within the three year statute of limitations provided for in 7 G.C.A. § 11305, the Court finds that TBC's conversion claim is not time-barred. The Court further finds that Man

CV1218-17 Tsang Bros. Corp. v. Man Ling Au *et al*                                    Page **9** of **10**
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for
Summary Judgment or in the Alternative to Dismiss)

Ling Au and Larry are not entitled to summary judgment with regard to the conversion claim based on the 7 G.C.A. § 11305 statute of limitations argument.[2]

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Man Ling Au's and Ping Chung Tsang's Motion for Summary Judgment. The Court also **DENIES** the Defendant's Motion insofar as Man Ling Au and Ping Chung Tsang move in the alternative for the Court to Dismiss the Complaint and its Counts 1 and 2 pursuant to Rule 12(b)(6) of the GRCP. Finally, insofar as Lai Hing Au joined in Ping Chung Tsang's and Man Ling Au's Motion for Summary Judgment or in the Alternative to Dismiss, the Court **DENIES** the Motion as it relates to TBC's claim against Lai Hing Au for aiding and abetting.

A **Status Hearing** is set for **May 24, 2018** at **9:00 a.m**.

SERVICE SO ORDERED **MAY 1 4 2018** .

I acknowledge that a copy of the original hereto was placed in the court box of:
G. Diaz / CVDV
N. Gavras, Brown
Date 5-14-18 Time: 1130am
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

[2] Man Ling Au and Larry argue that if summary judgment is not warranted, they are alternatively entitled to dismissal under 12(b)(6) of the GRCP. Under Rule 12(b)(6), dismissal is appropriate when it appears "beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Lujan v. J.L.H. Trust, 2016 Guam 24 ¶ 12 (citing Conley v. Gibson, 355 U.S. 42, 45-46 (1957)). In ruling on a motion to dismiss, the court must ". . . construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (internal citations omitted). The Court finds that these authorities make clear that an action that is not brought within an applicable statute of limitations is barred as a matter of law and should be dismissed. The crux of Man Ling Au and Larry's argument for dismissal is that "[i]f Defendant Ling was in exclusive possession of corporate property without legal authority and approval of such action . . . the time to commence recovery for such act would be the date the Defendant first learned of the alleged unapproved transfer, not the last date of any action by Ling with such money." Defs' Mot. Summ. J. or Dismiss 7 (Dec. 11, 2017). Man Ling Au and Larry posit the applicable date was the date of Larry and Christina's termination from TBC in February of 2014. The Court disagrees. As noted above, TBC had access to the funds at issue and used the funds to secure lines of credit and loans from First Commercial Bank until the power of attorney allowing TBC to so use the funds was revoked on October 12, 2017. Thus, contrary to the position of Man Ling Au and Larry, Man Ling Au did was not in exclusive possession of the funds. The Court thus finds, that the October 12, 2017 date constitutes the date where Man Ling Au's alleged wrongful action interfered with TBC's possessory rights over the funds. Thus, the Court finds the action being brought by December 1, 2017 renders the action within the statute of limitations at 7 G.C.A. § 11305. Therefore insofar as Man Ling Au and Christina alternatively ask this Court to dismiss the Complaint and Counts 1 and 2, the Motion is **DENIED**.

CV1218-17 Tsang Bros. Corp. v. Man Ling Au et al
DECISION AND ORDER (Defendants Ping Chung Tsang's and Man Ling Au's Motion for Summary Judgment or in the Alternative to Dismiss)
Page 10 of 10